

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § § | |
| vs. § | Criminal Action No. 3:18-cr-203-MGL-2 |
| § § § | |
| QUINTRELL MORRIS, § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

### I. INTRODUCTION

Pending before the Court is Defendant Quintrell Morris's (Morris) motion for compassionate release. Having carefully considered the motion, the response, the reply, the record, and the applicable law, it is the judgment of the Court the motion will be denied.

### II. FACTUAL AND PROCEDURAL HISTORY

Morris pled guilty to conspiracy to interfere with commerce by threats or violence, in violation of 18 U.S.C. § 1951(a) (Count One); conspiracy to knowingly use and carry firearms during and in relation to, and to possess firearms in furtherance of, a crime of violence, in violation of 18 U.S.C. § 924(o) (Count Two); using, carrying, and brandishing firearms during and in relation to, and possessing and brandishing firearms in furtherance of, a crime of violence, and aiding and abetting in the commission thereof, in violation of 18 U.S.C. § 924(c)(1)(A) and (2)

(Count Three); and being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e) (Count Five).

At sentencing, Morris received a total offense level of thirty-five and a criminal history category of II. Together, this meant Morris's guideline range was 188 to 235 months as to Counts One and Two; 120 months as to Count Five; and a consecutive term of eighty-four months as to Count Three. The Court sentenced him to a total of 272 months of imprisonment, followed by five years of supervised release. The Court later reduced his sentence to a total of 188 months of imprisonment, followed by three years of supervised release.

Although Morris has a projected release date of September 30, 2032, he recently filed this motion for compassionate release. The government responded, and Morris replied. Having been fully briefed on the relevant issues, the Court will now adjudicate the motion.

### III.    STANDARD OF REVIEW

After a defendant has exhausted his administrative remedies, "[a] district court analyzes [his] compassionate release motion in two steps." *United States v. Woody*, 115 F.4th 304, 310 (4th Cir. 2024).

"First, the [C]ourt must determine [the defendant] is eligible for a sentence reduction because he has shown 'extraordinary and compelling reasons' for release." *United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024) (citing *United States v. Hargrove*, 30 F.4th 189, 194–95 (4th Cir. 2022)); 18 U.S.C. § 3582(c)(1)(A)(i). In doing so, the Court must consider whether the extraordinary and compelling reasons set forth by the defendant are "consistent with applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A).

The policy statement identifies six circumstances that, individually or in combination, may provide extraordinary and compelling reasons for a sentence reduction: (1) certain medical circumstances of the defendant; (2) the defendant's age and conditions related thereto; (3) the defendant's family circumstances; (4) the fact the defendant, while in custody, was the victim of sexual or physical abuse committed by, or at the direction, of a correctional officer, (5) the presence of "any other circumstance or combination of circumstances . . . similar in gravity to" other enumerated circumstances; and (6) under certain circumstances, where there has been a qualifying change in law.  U.S.S.G. § 1B1.13(b).

"Second, the [C]ourt [must] consider[] whether the 18 U.S.C. § 3553(a) [(Section 3553(a))] sentencing factors support relief."  *Moody*, 115 F.4th at 310 (citing *United States v. Bond*, 56 F.4th 381, 383 (4th Cir. 2023)). !!"District courts 'enjoy broad discretion' in evaluating the [Section] 3553(a) factors when deciding a motion for compassionate release."  *Id.* (quoting *United States v. Bethea*, 54 F.4th 826, 834 (4th Cir. 2022)).

### IV.    DISCUSSION AND ANALYSIS

As a preliminary matter, the government concedes Morris has exhausted his administrative remedies.  *See* 18 U.S.C. § 3582(c)(1)(A) (explaining a defendant may bring a motion for compassionate release only after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier").  The Court will thus turn to the merits of his motion.

### A.     Whether Morris presents extraordinary and compelling reasons warranting a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)

#### 1.     Whether a change in the law constitutes an extraordinary and compelling reason

Morris asserts the recent enactment of Amendment 829 to the U.S.S.G. is an extraordinary and compelling reason for compassionate release. He evidently relies on U.S.S.G. § 1B1.13(b)(6), which states:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

Even assuming Morris received an unusually long sentence, he has yet to serve at least ten years of his sentence. This alone renders U.S.S.G. § 1B1.13(b)(6) inapplicable.

Moreover, the effective date of Amendment 829 is November 1, 2024, and the United States Sentencing Commission has yet to declare it retroactive. *See, e.g.*, *United States v. John*, No. 21-cr-134, 2024 WL 5155627, at *3 (S.D.N.Y. Dec. 18, 2024) ("Amendment 829 is not retroactive."); U.S.S.G. § 1B1.10(d) (neglecting to identify Amendment 829 as a basis for sentence reduction).

As the Court indicated above, U.S.S.G. § 1B1.13(b)(6) provides "amendment[s] to the [U.S.S.G.] that [have] not been made retroactive" fail to constitute a qualifying change in law. U.S.S.G. § 1B1.13(b)(6); *see United States v. Jeanville*, No. 21-20126, 2025 WL 92376 (S.D. Fla. Jan. 14, 2025) ("[U.S.S.G. § 1B1.13(b)(6)] does not apply to . . . Amendment 829."). It further states, "[e]xcept as provided in subsection (b)(6), a change in the law (including an amendment to the [U.S.S.G.] that has not been made retroactive) shall not be considered for purposes of

determining whether an extraordinary and compelling reason exists under this policy statement." U.S.S.G. § 1B1.13(c).

For all these reasons, the Court is unable to conclude Amendment 829 constitutes an extraordinary and compelling reason for compassionate release.

### 2. *Whether Morris's rehabilitative efforts constitute extraordinary and compelling reasons*

Morris also maintains his completion of educational programs and exemplary disciplinary record while in custody are extraordinary and compelling reasons for compassionate release. The government, however, notes rehabilitation alone is insufficient to meet this threshold.

Although Morris has completed several rehabilitative programs for which the Court commends him, such strides fail to warrant a sentence reduction. *See* 28 U.S.C. § 994(t) (explaining "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason"). The Court is therefore unpersuaded Morris's rehabilitative efforts constitute extraordinary and compelling reasons for compassionate release.

### B. *Whether the Section 3553(a) factors weigh in favor of a sentence reduction*

Even if the Court determined extraordinary and compelling circumstances exist in this case, analysis of the Section 3553(a) factors would nevertheless preclude any reduction in Morris's sentence. *See* 18 U.S.C. § 3582(c)(1)(A) (explaining the Court may grant compassionate release only "after considering the factors set forth in [S]ection 3553(a) to the extent that they are applicable"). These factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes by the defendant;

5

  (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for [the offense] . . . ;
(5) any pertinent policy statement . . . issued by the Sentencing Commission . . . [;]
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

  Morris, a convicted felon, pled guilty to serious offenses. He conspired with his codefendant to rob Yina Bell (Bell) at gunpoint in her residence. During the robbery, Morris and his codefendant pointed firearms at individuals in the home and ordered them into a bedroom at gun point. The pair then bound Bell's hands and feet with zip-ties, forced her minor children into a bathroom, physically assaulted Bell and another individual, and compelled Bell to surrender the cash in her safe. Soon after, when law enforcement arrived on scene, Morris pointed a loaded rifle at a responding officer.

  Morris also has a criminal history, which includes convictions for possessing, selling, or disposing of a stolen vehicle and unlawful carrying of a pistol. And, he committed the instant offenses while on state probation.

  As the Court mentioned above, Morris has taken steps toward rehabilitating himself while in custody. Although the Court is pleased with Morris's rehabilitative efforts and encourages him to continue them, Morris has done no more than the Court hopes of every defendant. *Cf.* 28 U.S.C. § 994(t) (explaining "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason").

Thus, upon balancing the Section 3553(a) factors, the Court determines Morris is unentitled to a sentence reduction. His current sentence is sufficient but no longer than necessary to promote respect for the law, provide adequate deterrence, and reflect the seriousness of his offense, and it is a just punishment in this case. The Court will therefore deny his motion.

## V.     CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Morris's motion for compassionate release, ECF No. 261, is **DENIED**.

**IT IS SO ORDERED.**

Signed this 28th day of October 2025, in Columbia, South Carolina.

                                            s/ Mary Geiger Lewis
                                            MARY GEIGER LEWIS
                                            UNITED STATES DISTRICT JUDGE